

ORIGINAL

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

JUN 1 0 2005

CLERK, U.S. DISTRICT COURT
By _____
         Deputy

CHRISTOPHER C. JENKINS          §
                                §
        Plaintiff,              §
                                §
VS.                             §        NO. 3-05-CV-0991-P
                                §
OAK FARM DAIRY                  §
                                §
        Defendant.              §

## <u>MEMORANDUM ORDER</u>

Plaintiff Christopher C. Jenkins has filed a motion for appointment of counsel in this retaliation case brought under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* For the reasons stated herein, the motion is denied.

Title VII provides for the appointment of an attorney upon request "in such circumstances as the court may deem just." *Id.* § 2000e-5(f)(1). However, there is no automatic right to the appointment of counsel. *Caston v. Sears, Roebuck & Co.*, 556 F.2d 1305, 1309 (5th Cir. 1977). The court must consider: (1) the merits of the claim; (2) efforts taken to obtain a lawyer; and (3) the financial ability of plaintiff to retain counsel. *Id.* at 1309; *see also Gonzales v. Carlin*, 907 F.2d 573, 580 (5th Cir. 1990). No single factor is conclusive. *Gonzales*, 907 F.2d at 580.

The court is unable to determine at this early stage of the litigation whether the circumstances of this case require the appointment of counsel.[1] The merits of plaintiff's claim cannot be evaluated

---

[1] The Texas Workforce Commission ("TWC") investigated plaintiff's charge of discrimination, but was "unable to conclude that the information obtained establishes a violation of the statutes." This determination is "highly probative" in deciding whether to appoint counsel in a subsequent judicial proceeding. *See Gonzales*, 907 F.2d at 580; *Caston*, 556 F.2d at 1309.

until the court screens his complaint.  Although plaintiff is indigent, that fact alone does not warrant the appointment of counsel.

Accordingly, plaintiff's motion for appointment of counsel is denied.

SO ORDERED.

DATED:  June 10, 2005.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE